IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELONE HUGHES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | CV 07 - 1434 AWI <br> (CR 02 - 5370 AWI) <br> <br> ORDER ON PETITIONER'S <br> REQUEST FOR <br> CERTIFICATE OF <br> APPEALABILITY <br> <br> Doc. # 88 |

Petitioner Marcelone Hughes ("Petitioner") filed a motion to correct, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on October 3, 2007. Petitioner was convicted by jury trial on the following counts: Count three, armed robbery of Golden One Credit Union; Count four, brandishing a firearm in connection with the Golden One Robbery; count five, possessing a semiautomatic weapon while being an unlawful user of a controlled substance; and count six, possession of cocaine base. The jury hung on counts one and two, armed robbery of Bank of the West and brandishing a fire arm during the robbery of Bank of the West, respectively. Count seven, possession of marijuana was dismissed by the government prior to trial. Following the trial, Petitioner entered a plea of guilty as to count one and, pursuant to the plea agreement, the government dismissed count two.

Petitioner's motion to correct, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 (hereinafter, the "2255 Motion") alleged four grounds for relief. The first two grounds for

relief alleged Petitioner suffered ineffective assistance of counsel.  First, Petitioner alleged his attorney provided ineffective assistance when she failed to disclose the fact that the sentence imposed under count one would be enhanced for the use of a firearm during the Bank of the West robbery even though the plea agreement provided for the dismissal of the count alleging brandishing of a firearm during that robbery.  Second, Petitioner alleged he suffered ineffective assistance of counsel when his attorney failed to present affirmative defenses at trial on both counts three and four.  Petitioner's third ground for relief alleged his sentence under count four was improperly enhanced for use of a semiautomatic assault weapon because the issue of what kind of weapon was involved was never presented to the jury.  Fourth, Petitioner alleged the imposition of restitution was unconstitutional because Petitioner lacks the means to pay restitution.

In an order dated August 12, 2008, the court dismissed Petitioner's first, third and fourth grounds for relief (the "August 12 Order").  Petitioner's second ground for relief – that he received ineffective assistance of counsel during his trial on the robbery and brandishing charges stemming from the Golden One Credit Union robbery – is currently pending before the court.  An order directing additional information from Petitioner's attorney with regard to her defense of the robbery and brandishing charges relating to the Golden One Robbery has been filed by the court, and Petitioner's second ground for relief will be decided after the attorney's response is received.

Petitioner filed a pleading on November 3, 2008, requesting the court issue or decline to issue a certificate of appealability for each of the grounds for relief dismissed by the court in its August 12 order.  Pursuant to 28 U.S.C. § 2253(c)(1)(B), a certificate of appealability may issue on "the final order in a proceeding under section 2255."  Petitioner's proceeding under section 2255 will not be final until the court decides Petitioner's remaining ground for relief.  Generally, the court will issue or deny a certificate of appealability concurrently with any final disposition of a proceeding under section 2255.  Should the court, through oversight, fail to do so in this instance, Petitioner may again request the court grant or deny a certificate.  In the meantime, the

court will deny petitioner's request for certificate of appeal without prejudice as untimely.

THEREFORE, it is hereby ORDERED that Petitioner's request for certificate of appealability is hereby DENIED without prejudice as untimely.

IT IS SO ORDERED.

Dated:     November 2, 2010

CHIEF UNITED STATES DISTRICT JUDGE