IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELONE HUGHES, )<br>　　　　　　Petitioner, )<br>　　v. )<br>UNITED STATES OF AMERICA, )<br>　　　　　　Respondent. )<br>_____ ) | CV 07 - 1434 AWI<br>(CR 02 - 5370 AWI)<br><br>ORDER DIRECTING<br>PETITIONER'S ATTORNEY<br>TO SUBMIT STATEMENT<br>PURSUANT TO COURT'S<br>ORDER OF AUGUST 12, 2008 |

　　　　Petitioner Marcelone Hughes ("Petitioner") filed a motion to correct, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on October 3, 2007. Petitioner was convicted by jury trial on the following counts: Count three, armed robbery of Golden One Credit Union; Count four, brandishing a firearm in connection with the Golden One Robbery; count five, possessing a semiautomatic weapon while being an unlawful user of a controlled substance; and count six, possession of cocaine base. The jury hung on counts one and two, armed robbery of Bank of the West and brandishing a fire arm during the robbery of Bank of the West, respectively. Count seven, possession of marijuana was dismissed by the government prior to trial. Following the trial, Petitioner entered a plea of guilty as to count one and, pursuant to the plea agreement, the government dismissed count two.

　　　　Petitioner's motion to correct, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 (hereinafter, the "2255 Motion") alleged four grounds for relief. The first two grounds for

relief alleged Petitioner suffered ineffective assistance of counsel.  First, Petitioner alleged his attorney provided ineffective assistance when she failed to disclose the fact that the sentence imposed under count one would be enhanced for the use of a firearm during the Bank of the West robbery even though the plea agreement provided for the dismissal of the count alleging brandishing of a firearm during that robbery.  Second, Petitioner alleged he suffered ineffective assistance of counsel when his attorney failed to present affirmative defenses at trial on both counts three and four.  Petitioner's third ground for relief alleged his sentence under count four was improperly enhanced for use of a semiautomatic assault weapon because the issue of what kind of weapon was involved was never presented to the jury.  Fourth, Petitioner alleged the imposition of restitution was unconstitutional because Petitioner lacks the means to pay restitution.

In an order dated August 12, 2008, the court dismissed Petitioner's first, third and fourth grounds for relief (the "August 12 Order").  With regard to Petitioner's second ground for relief, the court determined that it lacked information necessary to determine whether Petitioner had adequately stated a factual basis for ineffective assistance of counsel when he alleged counsel had failed to present evidence pertaining to affirmative defenses to charges relating to the Golden One Credit Union Robbery.  The court's August 12 Order directed Petitioner to file a limited waiver of attorney-client privilege if he wished to proceed on the ground of ineffective assistance of counsel during his trial on the charge of armed robbery of the Golden One Credit Union. Petitioner submitted a letter waiving attorney-client privilege for the limited purpose of the court's August 12 Order on September 11, 2008.

THEREFORE, in accord with this court's August 12 Order, it is hereby ORDERED that Petitioner's attorney, Ms. Francine Zepeda, shall submit a declaration to the court stating her recollection concerning her decisions to present or not present evidence or argument concerning counts three and four, armed robbery of Golden One Credit Union and brandishing a weapon

during the robbery of Golden One Credit union, respectively.  Such declaration shall be filed and served not later than fourteen (14) days from the date of service of this order.  The clerk of the court shall serve this order *and* shall serve a copy of the court's August 12 Order, Document Number 83, by mail at the following address:

>Ms. Francine Zepeda
>
>Federal Defenders' Office
>2300 Tulare Street
>Suite 330
>Fresno, CA 93721

The Clerk of the Court shall also file this order on Petitioner at the address on file.  Respondent United States shall take no action until requested to do so by the court.

IT IS SO ORDERED.

Dated:     November 2, 2010                              /s/ A.K. Ishii
                                                CHIEF UNITED STATES DISTRICT JUDGE