IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELONE HUGHES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CV 07 - 1434 AWI<br>(CR 02 - 5370 AWI)<br><br>ORDER DENYING<br>PETITIONER'S REQUEST<br>FOR RECONSIDERATION<br><br>Doc. # 90 |

　　　　Petitioner Marcelone Hughes ("Petitioner") was convicted by jury trial on the following counts: Count three, armed robbery of Golden One Credit Union; Count four, brandishing a firearm in connection with the Golden One Robbery; count five, possessing a semiautomatic weapon while being an unlawful user of a controlled substance; and count six, possession of cocaine base.  The jury hung on counts one and two, armed robbery of Bank of the West and brandishing a fire arm during the robbery of Bank of the West, respectively.  Count seven, possession of marijuana was dismissed by the government prior to trial.  Following the trial, Petitioner entered a plea of guilty as to count one and, pursuant to the plea agreement, the government dismissed count two.

　　　　Petitioner filed a motion to correct, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on October 3, 2007, (hereinafter, the "2255 Motion"), which alleged four grounds for relief.  The first two grounds for relief alleged Petitioner suffered ineffective assistance of

counsel. First, Petitioner alleged his attorney provided ineffective assistance when she failed to disclose the fact that the sentence imposed under count one would be enhanced for the use of a firearm during the Bank of the West robbery even though the plea agreement provided for the dismissal of count two which alleged brandishing of a firearm during that robbery. Second, Petitioner alleged he suffered ineffective assistance of counsel when his attorney failed to present affirmative defenses at trial on both counts three and four. Petitioner's third ground for relief alleged his sentence under count four was improperly enhanced for use of a semiautomatic assault weapon because the issue of what kind of weapon was involved was never presented to the jury. Fourth, Petitioner alleged the imposition of restitution was unconstitutional because Petitioner lacks the means to pay restitution.

In an order dated August 12, 2008, the court dismissed Petitioner's first, third and fourth grounds for relief (the "August 12 Order"). Decision on Petitioner's second ground for relief is currently pending and is awaiting a statement from Petitioner's attorney. In the instant motion for reconsideration, Petitioner requests that the court reconsider its August 12 Order with regard to Petitioner's first ground for relief – that he received ineffective assistance of counsel with regard to his plea of guilty to the Bank of the West robbery. Specifically, Petitioner contends in his motion for reconsideration that his plea of guilty was taken in violation of Rule 11 of the Federal Rules of Criminal Procedure[1] in that the court failed to ascertain that Petitioner was fully informed of the consequences of his plea or to ascertain that the plea was voluntary.

## LEGAL STANDARD

Petitioner's motion for reconsideration does not state a legal basis for reconsideration but the court presumes Petitioner's motion is pursuant to rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an

---

[1] Hereinafter, the court refers to the instant motion pursuant to Rule 11 of the Federal Rules of Criminal Procedure as Petitioner's Rule 11 Motion. Petitioner's previously filed and currently pending motion pursuant to 28 U.S.C. § 2255 is referred to as Petitioner's 2255 Motion.

2

adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.  Ninth Circuit law pertaining to the use of Rule 60(b) as a means of presenting claims that would otherwise state a claim under section 2255 is well settled.  Where "the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), [. . .], the Rule 60(b) motion should be treated as a successive habeas petition." Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998).

**DISCUSSION**

Petitioner's basic contention, both with regard to his Rule 11 Motion and with regard to the first ground for relief in his habeas petition is that his plea of guilty with regard to the Bank of the West robbery was unknowing and involuntary because Petitioner was not properly apprised of the consequences of his plea.  In particular, Petitioner contends he was inadequately informed of the consequence of his plea of guilty.  Petitioner alleges both in his 2255 Motion and in his Rule 11 Motion that he was informed by his attorney that the brandishing charge in count two would be dropped and that he would suffer no punishment for the use of the gun when he was sentenced on count one.  The substance of the harm Petitioner alleges he suffered both in his 2255 Motion and in his Rule 11 Motion is that the court applied a 6-level enhancement for use of a firearm during the Bank of the West robbery but did not inform Petitioner pre-plea that the enhancement would be applied.

Petitioner's Rule 11 Motion fails for three reasons.  First, because the factual predicates for Petitioner's Rule 11 motion are substantially the same as the grounds set forth in Petitioner's 2255 Motion, the court must construe Petitioner's Rule 11 motion as a successive petition pursuant to 28 U.S.C. § 2255.  Because the court construes Petitioner's motion under Rule 60(b) as a successive habeas petition pursuant to section 2255, Petitioner's ability to raise the substantive underlying claims is delimited by those provisions of the Antiterrorism and Effective

Death Penalty Act ("AEDPA") that apply to habeas petitions generally and to successive motions under section 2255 in particular. Section 2244, subdivision (b)(3) provides that a second or successive habeas petition is not allowed unless the appellate court issues an order authorizing the district court to consider the second or successive petition. A district court must dismiss any second or successive habeas claims where the conditions set forth in section 2244 are not met. "Congress has established mandatory, jurisdictional procedures a petitioner must follow in appealing from a district court's denial of relief under § 2255. [A petitioner] cannot avoid these jurisdictional limitations by styling his motion under another name." United States v. Christensen, 119 Fed.Appx. 884, 887 (9th Cir. 2004) (denying Rule 60(b) motion where petitioner did not obtain a certificate of appealability).

The second reason Petitioner's Rule 11 Motion fails is that there was no Rule 11 violation. Although Petitioner cites a number of subsections of Rule 11, the court presumes his central contention is that the court violated the Rule by failing to inform him that his sentence would be enhanced for the use of the semi-automatic weapon, presumably in violation of Rule 11(b)(1)(H), because the court failed to address Petitioner in open court to determine that the plea was voluntary in violation of Rule 11(b)(2), and because the court failed to disclose the plea agreement (or its consequences) in open court in violation of Rule 11(c)(2).

Pursuant to Rule 11(h), "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." "A 'substantial right' amounts to knowledge of the statutory maximum and minimum terms applicable to the relevant charges." United States v. Ramos, 923 F.2d 1346, 1357 (9 Cir. 1991), *rev'd on other grounds* 257 F.3d 1030 (9 Cir. 2001); see also United States v. Fernandez, 877 F.2d 1138, 1142 -1144 (2d Cir. 1989) (Rule 11(c)(1) requires only notification of the statutory maximum and minimum). In the context of a collateral attack on a sentence, it is well settled that "a technical violation of the rule will not support section 2255 collateral relief in the absence of a showing of constitutional error or special prejudice." United States v. Jaramillo-Suarez, 857 F.2d 1368, 1370 (9th Cir. 1988).

4

During the plea colloquy, the court addressed Petitioner as follows:

> THE COURT:  In the plea agreement, it sets forth the maximum potential sentence that you could receive, which for this particular count, that is Count One, would be a maximum term of imprisonment up to 25 years, a fine of up to $250,000 or both the fine and the imprisonment.  You would be required to make restitution; that is, to pay for any property damage or loss to Bank of the West in Fresno, as may be ordered by the court.  You would be subject to a term of supervised release up to five years.  If you violate any term of your supervised release, you can be returned to custody for the period of supervised release actually imposed and be required to serve all or part of the term of supervised release without credit for time previously served on post-release supervision.  You would be required to make a mandatory penalty assessment payment of $100.00.  And the sentence in this case could be imposed consecutively to any other sentence on any other count or charge in the indictment.
>         Do you understand all of that?
>
> THE DEFENDANT: Yes, Your Honor.

Doc. # 90 at 27:11 - 28:2.  The record of the plea colloquy also shows that Petitioner was told by the court that the court would rely at sentencing on a "guideline sentence" that would be determined prior to sentencing and that the guideline sentence and the sentence actually imposed by the court "might be different from any estimate your attorney may have given you."  Petitioner indicated his understanding of this information.  Doc. # 90 at 28:10 - 17.

The court has examined the record of Petitioner's plea colloquy and finds that Petitioner was fully informed of the maximum potential sentence as was informed that his sentence might be different than was estimated by his attorney.  Having been thus informed, Petitioner received all the information regarding his potential sentence required by Rule 11.  The court finds there was no rule 11 violation whether technical, constitutional, or otherwise.

Finally, the court finds that, contrary to his claim that he was mislead by his attorney's opinion that he would suffer no punishment for the use of the firearm during the Bank of the West robbery, Petitioner was fully informed to the extent required by Rule 11 and by case authority as to the consequences of his plea, and that he entered into the plea agreement

1  voluntarily, fully informed and mindful of the benefits of the plea agreement.[2]  Petitioner's plea
2  agreement contains a comprehensive waiver of rights to appeal or collaterally attack his sentence
3  as to count one pursuant to 28 U.S.C. §§ 2255 or 2241.  "The right to attack a judgment
4  collaterally is statutory. [Citation.] A knowing and voluntary waiver of a statutory right is
5  enforceable. [Citation.]  For this reason a prisoner may not collaterally attack a judgment if the
6  prisoner waived the right to do so."  United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal.
7  1999).  However, a waiver cannot bar a claim that relates to the validity of the waiver itself.
8  United States v. Abarca, 985 F.2d 1012, 1014 (9 Cir. 1993).  A waiver contained in a plea
9  agreement may be held invalid where "the accused does not understand the nature of the
10 constitutional protections that he is waiving, or because he has such an incomplete understanding
11 of the charge that his plea cannot stand as an intelligent admission of guilt."  Henderson v.
12 Morgan, 426 U.S. 637, 645 n.13 (1976); United States v. Navarro-Botello, 912 F.2d 318, 320
13 (9th Cir. 1990).

14      Because the court finds Petitioner's plea agreement as to count one was knowing and
15 voluntary, Petitioner's waiver of rights to appeal or collaterally challenge his conviction on that
16 count must be enforced.  The court finds that is without jurisdiction to consider Plaintiff's
17 challenge to his sentence on count one whether that challenge is before the court in the form of a
18 section 2255 motion or a motion for reconsideration under Rule 60(b).

19

20      THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that
21 Petitioner's motion for reconsideration is hereby DENIED.
22 IT IS SO ORDERED.

23
   Dated:    November 16, 2010                                    _____
24                                                                CHIEF UNITED STATES DISTRICT JUDGE
25 _____

26     [2]   The court notes that, as a result of the plea agreement, Petitioner's sentence on count one was at
   the bottom end of the applicable range and, more importantly, the sentence was imposed to run concurrently with the
27 sentence imposed in count three.

28                                                6