IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELONE HUGHES,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CV 07 - 1434 AWI<br>(CR 02 - 5370 AWI)<br><br>ORDER DENYING MOTION TO CORRECT, VACATE OR SET ASIDE THE SENTENCE AND ORDERING CASE CLOSED AND RELATED ORDERS<br><br>28 U.S.C. § 2255<br><br>Doc. # 80 |

    Petitioner Marcelone Hughes ("Petitioner") was convicted by jury trial on the following counts: Count three, armed robbery of Golden One Credit Union; Count four, brandishing a firearm in connection with the Golden One Robbery; count five, possessing a semiautomatic weapon while being an unlawful user of a controlled substance; and count six, possession of cocaine base. The jury hung on counts one and two, armed robbery of Bank of the West and brandishing a fire arm during the robbery of Bank of the West, respectively. Count seven, possession of marijuana was dismissed by the government prior to trial. Following the trial, Petitioner entered a plea of guilty as to count one and, pursuant to the plea agreement, the government dismissed count two.

    Petitioner filed a motion to correct, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on October 3, 2007, (hereinafter, the "2255 Motion"), which alleged four grounds for

relief. In an order dated August 12, 2008, the court dismissed Petitioner's first, third and fourth grounds for relief (the "August 12 Order"). The court's August 12 Order declined to rule on Petitioner's second claim for relief for ineffective assistance of counsel and requested a statement from Petitioner's attorney, Francine Zepeda ("Zepeda") regarding her representation of Petitioner during Petitioner's trial on counts three and four which alleged robbery of the Golden One Credit Union. The court is now in receipt of the declaration of Francine Zepeda, filed on December 1, 2010, (hereinafter, the "Declaration") and will proceed with its determination of Petitioner's second ground for habeas relief.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background giving rise to Petitioner's sentence have been set forth in some detail in the court's order on Petitioner's 2255 motion, Doc. # 83, and in the court's order denying Petitioner's motion for reconsideration. Doc. # 96. These facts need not be repeated here. At issue here are the facts set forth in the Declaration as these facts are determinative of the single unresolved issue remaining in Petitioner's motion to correct, vacate or set aside the sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion"). The facts set forth in the Declaration are summarized as follows.

Petitioner was charged with and facing trial on two bank robberies, the robbery of the Bank of the West (counts one and two) and the robbery of the Golden One Credit Union (counts three and four). Each of the charges of bank robbery was paired with a charge of brandishing a firearm during the commission of a robbery. Zepeda determined that while a single conviction of brandishing a weapon would carry a penalty of up to 10 years, a conviction on a second count would carry a mandatory minimum penalty of 20 years to be served consecutively. Thus, the Declaration reveals that Zepeda's primary strategic purpose was to prevent conviction as to one of the pairs of counts of bank robbery and brandishing a weapon. Zepeda alleges in her Declaration that she examined the evidence available and determined that evidence for the robbery of the Bank of the West as alleged in counts one and two was weaker than evidence for

2

the robbery of Golden One Credit Union as alleged in counts three and four.  Zepeda chose a strategy that involved vigorously challenging the sufficiency of the evidence to convict as to the allegations connected with the Bank of the West robbery.  Zepeda decided that to mount a similar challenge to the stronger set of evidence related to charges connected with the Golden One robbery would risk diluting the impact of her challenge to the Bank of the West charges and would, consequently, created a greater risk of conviction on both sets of counts and a mandatory sentence of at least 35 years.  In the Declaration, Zepeda admits no present direct memory of the strategic choices she made but she bases her Declaration on her review of the transcripts of the proceedings and the evidence produced at trial.

As previously noted, three of the four grounds for habeas relief asserted by Petitioner have been reviewed by the court and have been dismissed.  Likewise, the court has reviewed Petitioner's substantive arguments with regard to violation of Rule 11 of the Federal Rules of Criminal Procedure as alleged in his motion for reconsideration (Doc. # 90) and has found those arguments to be without merit.  Doc. # 96.  It is the court's understanding that its determination of Petitioner's second ground for habeas relief will be settle all outstanding issues.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159

(9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993). To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong. Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

## DISCUSSION

Petitioner's second ground for habeas relief alleges he suffered ineffective assistance of counsel when his attorney failed to present an effective defense with respect to counts three and four in connection with the Golden One Credit Union robbery. Specifically, Petitioner alleges his attorney failed to cross-examine the two eye-witnesses who placed Petitioner at or inside the bank to challenge the accuracy of their identifications and failed to highlight the failure of a witness at trial to make an in-court identification. In addition, Petitioner alleges his attorney made no arguments regarding the Golden One robbery during closing arguments.

The legal standard that governs a district court's review of a claim of ineffective

assistance of counsel with respect to claims that implicate an attorney's strategic choices:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. [¶] These standards require no special amplification in order to define counsel's duty to investigate, the duty at issue in this case. As the Court of Appeals concluded, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.

Strickland v. Washington, 466 U.S. 668, 690-691 (1984).

The court has examined the factual bases for Petitioner's argument that his attorney failed to elicit testimony of other witnesses that claimed seeing a third participant in the robbery and a second car involved.  The court has also examined Petitioner's factual claims that his attorney failed to make any argument regarding the failure of an eye-witness to make an in-court identification of Petitioner and that his attorney failed to mount an identity defense based on the failure of a surveillance camera to show characteristic tattoos on his arm below the elbow.  All of the evidence discussed by Petitioner was either presented at trial or was known before trial and available.  There is no indication or allegation that Petitioner's attorney did not examine the evidence mentioned and formulate her strategic choices based on that investigation.

The court finds that the evidence Petitioner characterizes as exculpatory is, at best, ambiguous and would have been only marginally relevant to the issue of Petitioner's guilt.  The court also notes that Petitioner's attorney's strategy was broadly successful in that it prevented conviction on two counts of brandishing a firearm and allowed Petitioner's attorney to bargain successfully for a plea agreement on counts one and two pursuant to which Petitioner's sentence

on the Bank of the West robbery would run concurrently, rather than consecutively to the sentence for the Golden One robbery.  The court therefore finds that Zepeda's stated strategy is based on a considered assessment of risk and benefit, is broadly consistent with the relevant facts, and demonstrates both investigative and analytical attention to detail that is well within the broad range of acceptable attorney performance.

The court finds Petitioner's second ground for habeas relief – that he suffered ineffective assistance of counsel with regard to his attorney's defense of the third and fourth counts of his indictment – is without merit and that Petitioner is entitled to no relief.  Because this is the sole remaining issue as to Petitioner's 2255 Motion, the court will herewith dismiss Petitioner's 2255 Motion in its entirety and order the case closed.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby DISMISSED.  The Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

Dated:  December 7, 2010

CHIEF UNITED STATES DISTRICT JUDGE