# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Respondent<br><br>v.<br><br>MARCELONE HUGHES,<br><br>  Defendant-Petitioner | CASE NO. 1:02-CR-5370-AWI<br><br>**ORDER DENYING DEFENDANT'S PETITION UNDER 28 U.S.C. § 2255**<br><br>**ORDER GRANTING CERTIFICATE OF APPEALABILITY**<br><br>(Doc. No.'s 115 and 118) |

Petitioner Marcelone Hughes brings this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his conviction for "brandishing a firearm during a crime of violence" is constitutionally infirm in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"). Petitioner contends that his conviction for armed bank robbery no longer qualifies as a "crime of violence" under the residual clause, 18 U.S.C. § 924(c)(3)(B), because armed bank robbery requires neither proof of violent physical force nor the intentional or threatened use of force. Petitioner also contends the crime of armed bank robbery does not qualify as a "crime of violence" under the elements clause, § 924(c)(3)(A). Therefore, Petitioner argues, his brandishing conviction cannot stand.

Respondent U.S.A. avers Petitioner's armed bank robbery conviction is indeed a "crime of violence" under the elements clause of § 924(c), as dictated by Ninth Circuit precedent, so the Court need not reach any *Johnson II* issue that may or may not apply.

For the following reasons, Petitioner's motion will be denied.

///

*Background*

In July, 2003, a jury convicted Petitioner of, *inter alia*, one count of armed bank robbery, 18 U.S.C. § 2113(a) & (d), and one count of brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c). *See* Doc. No. 56. On March 8, 2004, the Court entered judgment, sentencing Petitioner to 135 months for the armed bank robbery charge and 120 months for the firearm charge, to run consecutively. *See Id*.

Petitioner appealed multiple issues, including the sufficiency of the evidence for the armed bank robbery count. *See* Doc. No. 79. The Ninth Circuit affirmed, stating "based on the facts of this case the jury could not rationally have concluded that Hughes was guilty of unarmed bank robbery but not armed bank robbery." *See Id*. Petitioner then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging issues unrelated to those raised in the instant motion; the Court denied the motion. *See* Doc. No.'s 83 and 100.

After the U.S. Supreme Court deemed the residual clause of the armed career criminal act unconstitutional, Defendant sought from the Ninth Circuit permission to file a second § 2255 motion concerning the residual clause of § 924(c). *See* Doc. No.'s 115 and 118. On June 2, 2016, the Ninth Circuit granted Petitioner's request, but recommended the proceedings be stayed pending the Circuit Court's decision in *United States v. Begay*, 14-10080; this Court complied. *See* Doc. No.'s 114 and 116. Two years later, Petitioner requested the stay be lifted due to the delay in the *Begay* proceedings; the Court granted Petitioner's request. *See* Doc. No. 123.

*Legal Standard*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255 sub. B, a district court must grant a prompt hearing to a petitioner in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a

claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *United States v Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011); *Baumann v United States*, 692 F.2d 565, 571 (9th Cir. 1983). A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on merely conclusory statements. *Id.*; *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Accordingly, an evidentiary hearing is requires if: (1) a petitioner alleges specific facts which if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to relief. *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

## *Analysis*

Under § 924(c)(1)(A), a defendant is subject to an enhanced sentence of imprisonment if he, "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]" At the time of Defendant's sentencing, a crime could qualify as a "crime of violence" in one of two ways. The "elements clause" allows a crime to be categorized as such if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. 924(c)(3)(A). The "residual clause" allows for such a categorization if the crime is one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

The Ninth Circuit granted Petitioner authorization to file a second or successive § 2255 motion on the grounds that he "makes a prima facie showing under *Johnson v. United States*, 135 S. Ct. 2551 (2015)." *See* Doc. No. 114. This rationale lies in the fact that the U.S. Supreme Court has found the substantially-similar residual clause in the Armed Career Criminal Act unconstitutional. *See Johnson II*, 135 S. Ct. at 2557; *see also Welch v. United States*, 136 S. Ct. 1257, 1264-68 (2016) (holding that *Johnson II* announced a new substantive rule that has retroactive effect in cases on collateral review). However, despite the grant of authority to review Petitioner's conviction under *Johnson II*—presumably to analyze whether the residual clause of § 924(c)(3)(B) is similarly unconstitutional—the Court finds it need not reach this issue in this case because Petitioner's conviction is sustainable under the "elements clause" of § 924(c)(3)(A).

3

As set forth in 18 U.S.C. § 2113(a), bank robbery is defined as follows:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years; or both.

Additionally, subsection (d) of § 2113 provides:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

Controlling Ninth Circuit case law has established that armed bank robbery is categorically a crime of violence under the "elements clause" of 18 U.S.C. § 924(c)(3). *See United States v. Wright*. 215 F.3d 1020, 1028 (9th Cir. 2000). This is so because "one of the elements of the offense is a taking 'by force and violence, or by intimidation.'" *Id.* (citing § 2113(a)); *see also United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990) ("[P]ersons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1[,]" which governs felonies that "[have] as an element the use, attempted use, or threatened use of physical force against the person of another[.]").

Petitioner argues that *Wright* and *Selfa* are no longer governing law because the holdings of these cases are clearly irreconcilable with current governing law. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (stating that a district court or three-judge appellate court panel is not required to follow circuit precedent if the "relevant court of last resort [has] undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable."). Despite Petitioner's arguments to the contrary, recent opinions from the Ninth Circuit clearly state that armed bank robbery does qualify under the elements clause, leaving the Court bound by the above precedent. *See United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017) (reaffirming *Selfa* in holding that federal bank robbery is a crime of violence); *United States v. Cross*, 691 F. App'x 312 (9th Cir. 2017) ("We held in [*Selfa*] that unarmed bank robbery

4

in violation of § 2113(a) constitutes a crime of violence under the '[elements] clause' . . . [and similarly] we held in [*Wright*] that armed bank robbery in violation of § 2113 (a) & (d) constitutes a crime of violence within the meaning of 18 U.S.C. § 924(c). No intervening authority has overruled these precedents."); *United States v. Pritchard,* 692 F. App'x 349, 351 (9th Cir. 2017) ("We have twice held that armed bank robbery in violation of 2113(a) qualifies as a crime of violence."); *United States v. Jordan*, 680 F. App'x 634, 635 (9th Cir. 2017) ("Under our current case law, § 2113(a) bank robbery categorically qualifies as a 'crime of violence' under § 924(c)(3)(A)."). Thus, Ninth Circuit precedent forecloses Petitioner's argument, and therefore his § 2255 motion must denied.

## **CERTIFICATE OF APPEALABILITY**

A federal prisoner seeking to vacate his conviction has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—[¶]
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To make a substantial showing of the denial of a constitutional right under § 2253(c)(2), the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability due to the foreclosure of his claim by Ninth Circuit precedent. However, the Court is cognizant of the fact that the Court did not reach the issue on which the Ninth Circuit granted Petitioner's second or successive § 2255 motion—the "residual clause" constitutionality under *Johnson II*. Further, Petitioner appears to be arguing for a change in the law as to the "elements clause" of § 924(c), an issue that other courts in this circuit have sent to the Ninth Circuit. *See United States v. Ames*, 2018 WL 912252, at *4 (D. Or. Feb. 15, 2018); *United States v. Wilcoxson*, 2018 WL 912253, at *4 (D. Or. Feb. 15, 2018); *United States v. Piers*, 2017 WL 6559904, at *5 (D. Alaska Dec. 22, 2017). Therefore, the Court will grant Petitioner a certificate of appealability on the issue of whether armed bank robbery (U.S.C. § 2113(a) and (d)) is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's § 2255 Motions (Doc. No.'s 115 and 118) are DENIED; and
2. The Court GRANTS Petitioner a certificate of appealability.

IT IS SO ORDERED.

Dated: May 11, 2018

_____
SENIOR DISTRICT JUDGE