McGREGOR W. SCOTT
United States Attorney
DAWRENCE W. RICE, JR.
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:02-CR-5370-AWI-EPG |
|---|---|
| Plaintiff, | RESENTENCING AGREEMENT, AGREEMENT TO WITHDRAW WRIT OF MANDAMUS AND REQUEST FOR EVIDENTIARY HEARING, AGREEMENT TO DISMISS APPEAL OF DENIAL OF 28 U.S.C. § 2255 MOTION, WAIVER OF APPEAL AND HABEAS CORPUS RIGHTS, AND ORDER. |
| v. | |
| MARCELONE HUGHES, | |
| Defendant. | |
|  | DATE: TBD<br>TIME: TBD<br>COURTROOM: Two<br>JUDGE: Hon. Anthony W. Ishii |

In the interest of justice and to resolve the defendant's pending writ of mandamus in Case No. 1:02-CR-5370-AWI-EPG and to resolve the defendant's pending appeal in Ninth Circuit Case No. 18-15953, the defendant and the government request that the Court reduce the sentence of 255 months originally imposed in this case on March 8, 2004, by 32 months pursuant to Federal Rule of Criminal Procedure 35(b). The defendant's current BOP release date is June 26, 2021. A 32 month reduction will result in a new release date of October 26, 2018.

If the 32 month sentence reduction is granted by the Court, the defendant will withdraw his pending writ of mandamus and request for an evidentiary hearing, and will move to dismiss his pending appeal of this Court's denial of his 28 U.S.C. § 2255 motion.

Resentencing Agreement                            1

Background

The Court and parties are familiar with the facts and circumstances in this case, so the following summary will be brief.

The defendant was sentenced on March 8, 2004, by this Court in the Eastern District of California, to 135 months concurrent on two armed bank robbery counts, 120 months concurrent on a narcotics user in possession of a firearm count, 24 months concurrent on the possession of marijuana count, and 120 months consecutive for brandishing a firearm, in violation of 18 U.S.C. § 924(c), during one of the robberies - for a total term of 255 months.

Subsequently, the defendant witnessed a prison assault in 2008 and testified for the U.S. Attorney's Office in the Central District of California at a trial in 2012 in the Central District of California. The inmate who committed the assault pled guilty prior to trial, but the inmate whom the defendant testified had ordered the assault was acquitted. Since that time, the defendant has been a model inmate in the Bureau of Prisons.

The U.S. Attorney's Office in the Eastern District of California was not informed by the U.S. Attorney's Office in the Central District that they planned to use the defendant as a witness in the prison assault case, and would have objected to any representation that a sentence reduction would result from his cooperation. Accordingly, until now, the U.S. Attorney's Office in the Eastern District of California has refused to file a Rule 35(b) motion for the reasons set forth in the Government's Response to Defendant's 28 U.S.C. § 2255 Motion and Writ of Mandamus. See Doc. 124.

On May 11, 2018, this Court denied the defendant's 28 U.S.C. § 2255 motion (Doc. 118), but granted him a certificate of appealability. Doc. 129. His appeal is pending in Ninth Circuit Case No. 18-15953. The defendant's opening brief is due August 31, 2018, and the government's response brief is due October 1, 2018.

On May 14, 2018, this Court granted the defendant's request for an evidentiary hearing on his writ of mandamus seeking to compel the U.S. Attorney's Office in the Eastern District of California to

Resentencing Agreement 2

file a Rule 35(b) motion to reduce his sentence for cooperation in the Central District of California case. Doc. 130. In a nutshell, the evidentiary issue is whether there was an agreement by the "government" to file a Rule 35(b) motion to reduce the defendant's sentence for his cooperation, and whether the "government" has breached such agreement. The evidentiary hearing is scheduled for October 16, 2018.

In short, the defendant asserts that there was an agreement, the Assistant U.S. Attorney in the Central District who would have made such an agreement (if there was one) is deceased, and the transcript of the defendant's trial testimony does not shed light on whether there was or was not an agreement. That being the state of the case, the defendant and the government have arrived at this proposed resolution in the interest of justice to resolve the defendant's pending writ of mandamus in Case No. 1:02-CR-5370-AWI-EPG and to resolve the defendant's pending appeal in Ninth Circuit Case No. 18-15953.

Stipulated Sentence

The parties respectfully request that the Court reduce the defendant's sentence of 255 months originally imposed in this case on March 8, 2004, by 32 months pursuant to Federal Rule of Criminal Procedure 35(b), to a term of 223 months, with all other terms and conditions originally imposed on March 8, 2004, to remain in full force and effect.

To achieve this result, the defendant and the government stipulate, agree, and request that the Court resentence the defendant pursuant to Federal Rule of Criminal Procedure 35(b) to 103 months concurrent on the two armed bank robbery counts, 103 months concurrent on the narcotics user in possession of a firearm count, 24 months concurrent on the possession of marijuana count, and 120 months consecutive for brandishing a firearm, in violation of 18 U.S.C. § 924(c), during one of the robberies - for a total term of 223 months, with all other terms and conditions originally imposed on March 8, 2004, to remain in full force and effect.

///

## Withdrawal of Writ of Mandamus and Dismissal of Appeal

The defendant hereby withdraws his writ of mandamus and request for evidentiary hearing (Doc. 104), and agrees to request that the Ninth Circuit Court of Appeals dismiss his pending appeal of this Court's denial of his 28 U.S.C. § 2255 motion in Ninth Circuit Case No. 18-15953.

## Waiver of Appeal and Collateral Attack

The defendant understands that the law gives him a right to appeal his convictions and sentence. He agrees, however, to give up this right as long as his sentence is consistent with the agreement set forth herein. The defendant also gives up any right he may have to bring a post-conviction attack on his convictions or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his convictions or sentence.

Dated: 8/1/18

MARCELONE HUGHES
Defendant

Dated: 8/1/18

PEGGY SASSO
Assistant Federal Defender

Dated: 8/1/18

CHARLES J. LEE
Assistant Federal Defender

Dated: 8/2/18

McGREGOR W. SCOTT
United States Attorney

DAWRENCE W. RICE, JR.
Assistant United States Attorney

## ORDER

Pursuant to Federal Rule of Criminal Procedure 35(b) for the reasons stated above and by stipulation of the parties, the Court hereby resentences defendant Marcelone Hughes in Case No. 1:02-CR-5370-AWI-EPG to 103 months concurrent on the two armed bank robbery counts, 103 months

concurrent on the narcotics user in possession of a firearm count, 24 months concurrent on the possession of marijuana count, and 120 months consecutive for brandishing a firearm, in violation of 18 U.S.C. § 924(c), during one of the robberies - for a total term of 223 months, with all other terms and conditions originally imposed on March 8, 2004, to remain in full force and effect.

For the reasons stated above and pursuant to the agreement of the parties, the defendant's request to withdraw his writ of mandamus (Doc. 104) is granted, and the evidentiary hearing scheduled thereon is vacated.

And, for the reasons stated above and pursuant to the agreement of the parties, the defendant is directed to file in the Ninth Circuit Court of Appeals a motion dismiss his pending appeal of this Court's denial of his 28 U.S.C. § 2255 motion in Ninth Circuit Case No. 18-15953, within fourteen (14) days.

Dated: 8-7-18

ANTHONY W. ISHII
United States District Court Judge

Resentencing Agreement 5